35 F.3d 572
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald Joshua HOFFMAN, aka: Ronald J. Hoffman, Defendant-Appellant.
 No. 93-50819.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 20, 1994.*
Decided Sept. 8, 1994.
 
 1
 Before: HALL and RYMER, Circuit Judges, and FITZGERALD,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 While his appeal from judgment and sentence was pending in this court, Ronald J. Hoffman filed a third motion for new trial in the district court. The court declined to rule on the motion until after the appeal was resolved. After we affirmed, the court denied the motion. Hoffman appeals again.
 
 
 4
 This appeal makes substantially the same arguments as before. As we have already considered them exhaustively, we consider only the question whether a new trial is warranted because of a 1993 State Department determination which Hoffman claims undercuts the determination relied on at trial that CONTAM III programs were on the Munitions List at the time he exported them. We find no error in the district court's decision.
 
 
 5
 As our earlier disposition noted, there did not appear to be a material dispute that CONTAM III, 3.2 and 3.2 SDI were covered by the Munitions List; the dispute rather centered on whether the programs Hoffman exported were the covered CONTAM III, 3.2 or 3.2 SDI versions or were instead CONTAM programs that were already in the pubic domain. Nor is it clear that the State Department's 1993 determination pertains to the same technology Hoffman exported or to the same restricted computer programs that were the basis of his convictions. In any event, a 1993 State Department determination that CONTAM III was not then on the Munitions List (or that programs someone else wished to export were not restricted) sheds little light on what was on the List between 1986 and 1990, when Hoffman's exports took place. Some or all of the programs could have become publicly available in the meantime. Although the 1993 determination might have some impeachment value, as the district court observed, it is minimal and in no way rises to the level of showing that Bryant's testimony was false. For these reasons, as well as those having to do with how matters covered by the Munitions List are designated and Hoffman's own knowledge and intent, we cannot say that the newly discovered evidence would probably produce an acquittal. United States v. Krasny, 607 F.2d 840, 843 (9th Cir.1979), cert. denied, 445 U.S. 942 (1980).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3